UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| RAUF MUHAMMAD | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-cv-58 |
| | ) | 3:02-cr-14 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Rauf Muhammad ("Muhammad"). Muhammad's motions to supplement and to expand the record are **GRANTED**. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Muhammad's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. §

2255. To prevail under § 2255, Muhammad "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Muhammad is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Muhammad pleaded guilty to conspiracy to distribute and possession with intent to distribute in excess of five kilograms of cocaine hydrochloride and in excess of five grams of cocaine base (crack). Based upon his prior felony drug convictions, Muhammad was sentenced to a mandatory statutory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii). On direct appeal, Muhammad challenged the district court's denial of his motion to compel the government to make a motion for downward departure based upon substantial assistance. The Sixth Circuit concluded the district court lacked authority to compel the government to move for

2

a downward departure and affirmed Muhammad's judgment of conviction. *United States v. Muhammad*, 114 Fed.Appx. 735 (6th Cir. 2004).

In support of his § 2255 motion to vacate sentence, Muhammad alleges ineffective assistance of counsel on the part of trial and appellate counsel as well as prosecutorial misconduct. In the motion to supplement the record, Muhammad alleges his prior convictions should not have been used to enhance his sentence to life imprisonment, and expands on that argument in the motion to expand the record.

III.    Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

3

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Muhammad must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In order to claim that his guilty plea was involuntary because of ineffective assistance of counsel, Muhammad must show not only that his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Muhammad bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Muhammad alleges his trial attorney rendered ineffective assistance of counsel by advising him to plead guilty when the evidence was legally insufficient to convict him had he gone to trial. Muhammad relies on Rule 801(d)(2)(E) of the Federal Rules of Evidence and *United States v. Clark*, 18 F.3d 1337 (6th Cir. 1994), for the proposition that, in addition to the testimony of coconspirators, there must be independent, corroborating evidence of a defendant's participation in a conspiracy. Muhammad's allegation lacks merit.

Rule 801(d)(2)(E) and *Clark* concern the admissibility in court of out-of-court statements by a coconspirator. Before those statements are admissible against a defendant, the defendant's participation in the conspiracy must be established, by a preponderance of the evidence, by "*some* independent, corroborating evidence of defendant's knowledge of and participation in the conspiracy." *Clark*, 18 F.3d at 1441.

In the Factual Basis filed in support of his guilty plea, Muhammad stipulated to the following:

Defendant Muhammad is responsible in this conspiracy for distributing at least fifteen (15) kilograms, but less than fifty (50) kilograms, of cocaine hydrochloride, a Schedule II controlled substance. *See* U.S.S.G. § 2D1.1(c)(3).

From approximately January, 1997, up to and including January, 2002, Caleaf Davis, Rauf Muhammad, also known as Rau, also known as Mitchell Avery Moss, Larhonda McKenzie, Tommy Farmer, and Allen Young conspired to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base.

Beginning in 1997, defendant Muhammad provided kilogram quantities of cocaine to coconspirator Davis. Defendant Muhammad fronted coconspirator Davis ounce quantities of cocaine and then moved up to kilogram quantities of cocaine. Defendant Muhammad served as a middleman between Donald Hickman in the supply of kilogram quantities of cocaine to coconspirator Davis. On August 3, 1998, law enforcement officers at McGhee Tyson Airport seized approximately $42,585 from coconspirator Davis as he passed through the airport.

Defendant Muhammad made trips to Atlanta, Georgia, to obtain at least twenty kilograms of cocaine which was returned to the Eastern District of Tennessee to coconspirator Davis. Coconspirator Davis sometimes obtained cocaine directly from Donald Hickman. Defendant Muhammad purchased kilogram quantities of cocaine for approximately $18,000 to $19,000 each.

Defendant Muhammad and coconspirator Davis also obtained and sold quantities of crack cocaine. On April 21, 2001, defendant Muhammad was arrested by Knoxville Police officers with a quantity of crack cocaine.

Defendant Muhammad and coconspirator Davis paid coconspirator Tommy Farmer to make trips to Atlanta, Georgia, and Miami, Florida, to obtain kilogram quantities of cocaine. Coconspirator Farmer was paid $250 for each kilogram of cocaine he transported to Knoxville and East Tennessee. In November, 2001, police officers seized approximately $80,000 from defendant Muhammad. Defendant Muhammad was on his way to buy at least three kilograms of cocaine for himself and coconspirator Davis.

6

[Criminal Action No. 3:02-cr-14, Factual Basis, Court File No. 101, pp. 1-3].

Clearly, the physical evidence of the cocaine and cash seized during the conspiracy would constitute independent evidence of the conspiracy and any statements by Muhammad's coconspirators would have been admissible. In addition, the actual testimony of his coconspirators would have been fully admissible at trial against Muhammad. Accordingly, Muhammad cannot now argue that his attorney knew the evidence against Muhammad was legally insufficient yet still advised him to plead guilty.

Muhammad also alleges his trial attorney was ineffective by failing to file a motion to suppress the testimony of the coconspirators. According to Muhammad, the coconspirators were "paid" for their testimony, in violation of 18 U.S.C. § 201(c)(2), presumably by striking a deal with the government in return for their testimony.

In *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998) (*Singleton I*), a panel of the U.S. Court of Appeals for the Tenth Circuit held that a prosecutor's promise of leniency in return for testimony against a co-defendant violated 18 U.S.C. § 201(c)(2), which prohibits giving anything of value to a person for or because of his testimony. However, that decision was subsequently vacated and, on rehearing *en banc*, the Tenth Circuit determined that 18 U.S.C. § 201(c)(2) does not apply to an assistant U.S. attorney in the prosecution of a criminal case who offers an

7

accomplice leniency in exchange for truthful testimony. *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999) (*en banc*) (*Singleton II*).

In the meantime, the Sixth Circuit explicitly rejected the original *Singleton* holding in *United States v. Ware*, 161 F.3d 414 (6th Cir. 1998), noting that "[t]he prosecutorial prerogative to recommend leniency in exchange for testimony dates back to the common law in England and has been recognized and approved by Congress, the courts, and the Sentencing Commission of the United States." *Id.* at 419. Muhammad's attorney was not ineffective based upon his failure to file a motion to suppress the coconspirator's testimony. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Muhammad further alleges his trial attorney failed to object to the notice filed by the government, pursuant to 21 U.S.C. § 851, of its intent to seek enhanced punishment based upon Muhammad's prior felony drug convictions out of Georgia and failed to explain the consequences of the notice, and that appellate counsel failed to challenge the enhancement on direct appeal. In his plea agreement, however, Muhammad acknowledged he was facing a mandatory term of life imprisonment. [Criminal Action No. 3:02-cr-14, Plea Agreement, Court File No. 100, p. 2, ¶ 2]. In addition, during the sentencing hearing, Muhammad admitted the Georgia drug convictions as well as a Tennessee drug conviction. [*Id.*, Court file No. 162, Transcript of Proceedings, p. 15]. Muhammad cannot now allege he was

8

unaware of the consequences of the government's notice or that his counsel should have objected to the notice.

Muhammad also alleges his trial attorney should have raised an objection to the drug quantity and that appellate counsel should have raised the issue on direct appeal. Muhammad relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in support of this claim. Count one of the superseding indictment, to which Muhammad pleaded, charged a conspiracy to distribute in excess of five kilograms of cocaine hydrochloride and in excess of five grams of cocaine base. [Criminal Action No. 3:02-cr-14, Court File No. 95, Superseding Indictment]. That was the threshold drug quantity that subjected Muhammad to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). There was no *Apprendi* violation and counsel did not render ineffective assistance by failing to raise an *Apprendi* challenge.

Muhammad makes a generalized claim that his attorney failed to investigate the case. A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001). Based upon all of the foregoing, Muhammad has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

9

## B. Prosecutorial Misconduct

Muhammad alleges that the prosecutor tricked him into pleading guilty by not making a motion for downward departure. Muhammad's plea agreement provided, in relevant part, that at sentencing the government would bring to the court's attention "the nature, extent, and value" of Muhammad's cooperation and would file a motion for downward departure should Muhammad render substantial assistance. [Criminal Action No. 3:02-cr-14, Plea Agreement, Court File No. 100, p. 4, ¶ 8]. Muhammad acknowledged, however, that the government retained "complete discretion" in determining whether and how a motion for downward departure would be filed. [*Id.*].

In affirming Muhammad's sentence, the Sixth Circuit noted as follows:

> Starting shortly after his arrest, Muhammad was repeatedly offered a deal by the government. His co-defendants, when later apprehended, did not hesitate to accept similar deals, but Muhammad wavered for several months. He finally accepted a plea agreement on the eve of trial, and it is undisputed that he then provided all the information he possessed. Unfortunately, by then the information was stale. His co-conspirators had already been arrested and pled guilty, and Muhammad's information failed to generate any new arrests or convictions. The United States Attorney thus did not request a downward departure.

*United States v. Muhammad*, 114 Fed.Appx. 735, 736 (6th Cir. Nov. 18, 2004).

Based upon the fact that Muhammad was facing a mandatory life sentence, his best choice was to plead guilty and hope for a motion for downward departure. The fact that the government, in its discretion, refused to make such motion does not render his sentence invalid nor does it constitute prosecutorial misconduct.

Muhammad also alleges prosecutorial misconduct in that the government advocated enhancements beyond the drug amounts contained in the indictment, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and "paid" its witnesses, in violation of 18 U.S.C. § 201(c)(2). As noted previously, however, Muhammad's conviction violated neither *Apprendi* or 18 U.S.C. § 201(c)(2). Accordingly, Muhammad has failed to demonstrate prosecutorial misconduct.

*C. Prior Convictions / Enhancement to Life Imprisonment*

Muhammad alleges his sentence was improperly enhanced based upon his prior Georgia drug convictions. He relies on *Lopez v. Gonzales*, 549 U.S. 57 (2006), in which the Supreme Court held "that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Id*. at 60. *Lopez* concerned the deportation of a permanent legal alien after his South Dakota conviction for aiding and abetting possession of cocaine; the offense was a felony under state law but a misdemeanor under federal law. *Id*. at 53. Muhammad argues that the conduct

11

underlying the Georgia convictions would only constitute misdemeanors under federal law.

The court has reviewed the documentation with respect to Muhammad's DeKalb County, Georgia, convictions.[1] In Case No. 91-cr-5712, Muhammad was indicted on two counts of Violation of the Georgia Controlled Substances Act (VGCSA) (counts one and two) and one count of possession of a firearm during commission of a crime (count three). Count one alleged possession of cocaine; count two alleged possession of less than one ounce of marijuana. Muhammad pleaded guilty to counts one and two, and count three was dismissed. Muhammad received a sentence of four years, to serve one year in prison, as to count one and a concurrent sentence of 12 months to serve in prison as to count two, with both sentences to run concurrent with the sentence imposed in Case No. 92-cr-1179.

In Case No. 92-cr-1179, Muhammad was indicted on one count of VGCSA, specifically possession with intent to distribute cocaine (count one), and felon in possession of a firearm (count two). He pleaded guilty to the firearm charge and to a lesser included offense of possession of cocaine, and received concurrent sentences of four years, to serve one year in prison; the sentences were ordered to run concurrent with the sentence imposed in Case No. 91-cr-5712.

---

[1] The documentation was provided upon request by the Probation Office. The Clerk is **DIRECTED** to attach the documentation as an exhibit to this Memorandum.

In Case No. 93-cr-4615, Muhammad was indicted on one count of VGCSA, specifically possession with intent to distribute cocaine (count one), and felon in possession of a firearm (count two). He pleaded guilty to the firearm charge and to a lesser included offense of simple possession of cocaine, and received concurrent sentences of four years, to serve one year in prison; the sentences were ordered to run concurrent with the revocation of his probation in Case Nos. 91-cr-5712 and 92-cr-1179.

Muhammad argues that his guilty pleas to possession of cocaine would have constituted only misdemeanors under the federal Controlled Substances Act, and therefore were not felony drug offenses for enhancement purposes under 21 U.S.C. § 841(b)(1)(A). Muhammad's argument lacks merit.

Muhammad received sentences of four years on each of the cocaine convictions. Under federal law, an offense which carries a sentence of less than five years but more than one year is considered a Class E felony. 18 U.S.C. § 3559 (a)(5). In addition, although federal law provides for misdemeanor simple possession, possession of a controlled substance by a defendant who has prior drug convictions, in either federal or state court, constitutes a felony. 21 U.S.C. § 844(a). Muhammad clearly had at least two prior felony drug convictions at the time he committed the instant offense and thus was properly sentenced to a term of life imprisonment under 18 U.S.C. § 841(b)(1)(A)(ii).

IV. <u>Conclusion</u>

Muhammad is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Muhammad leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Muhammad having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                   s/ Leon Jordan
                                        United States District Judge