UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:02-CR-014 |
| | ) | |
| RAUF MUHAMMAD | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 237]. The defendant asks the court to reduce his mandatory life sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). For the reasons that follow, the defendant's motion must be denied.

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The present defendant, however, was not sentenced based on a guideline range that has since been lowered by the Sentencing Commission. Instead, his guideline range was the lowest possible term of imprisonment allowed by his *statute* of conviction – in this case, life imprisonment. Amendment 782 does not lower any statutory penalties.

A sentence reduction under § 3582(c)(2) for this defendant would not be consistent with the Sentencing Commission's applicable policy statements. Application Note 1(A) to guideline 1B1.10 explains in relevant part that

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [a guideline amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

The defendant's guideline range has not been lowered as a result of Amendment 782's revision of the sentencing guidelines' § 2D1.1 Drug Quantity Table. Because the defendant's sentence and guideline range were based on a statutory mandatory minimum of life imprisonment rather than on U.S.S.G. § 2D1.1, he is ineligible for Amendment 782 relief. *See, e.g., United States v. McPherson*, 629 F.3d 609, 611-12 (6th Cir. 2011).

The rehabilitative accomplishments documented in the defendant's motion are impressive. However, as explained herein, the court lacks authority under 18 U.S.C. § 3582(c)(2) to reduce the present defendant's term of imprisonment. For that reason, the defendant's motion for sentence reduction [doc. 237] must be **DENIED**.

**IT IS SO ORDERED.**

                                        ENTER:

                                        s/ Leon Jordan
                              United States District Judge

3

Case 3:02-cr-00014-RLJ-CCS   Document 238   Filed 02/21/17   Page 3 of 3   PageID #: 178