UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-CR-014 |
| | ) | |
| RAUF MUHAMMAD | ) | |

## MEMORANDUM AND ORDER

In August 2003, this Court sentenced the defendant to an enhanced statutory minimum sentence of life imprisonment for conspiring to distribute cocaine and cocaine base. The defendant is presently housed at FCI Coleman Medium. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 3, 2020).

Now before the Court is the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 254]. The United States has responded in opposition to the motion, and the defendant has submitted a reply. [Docs. 257, 258]. Numerous letters have also been submitted on the defendant's behalf. [Docs. 259, 260, 261]. For the reasons that follow, the defendant's motion must be denied.

## I.    BACKGROUND

As noted, the defendant brings his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, he cites the cost of his incarceration, his rehabilitative efforts, and the likelihood that he would receive a lesser term of imprisonment if sentenced today under current law. In his reply brief, the defendant also discusses the COVID-19 pandemic, his age, and his purported diagnoses of diabetes and high cholesterol.

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-

2

LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019).  While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction.  *Id*. at *2 (citations omitted).  Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.  *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings.  First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).  Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable."  U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief motion on his behalf.  [Doc. 254, ex. A].  Thirty days have passed since that request was received by the warden of his facility.  [*Id.*].  The Court thus has authority under § 3582(c)(1)(A) to address the instant motion.  *See Alam*, 960 F.3d at 832.

**B. Merits**

   **1. Extraordinary and Compelling Reasons**

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is—

   (I)     suffering from a serious physical or medical condition,

   (II)    suffering from a serious functional or cognitive impairment, or

   (III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. —

   . . .

(C) Family Circumstances. —

   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

4

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court construes the defendant's motion as relying on subsections (A)(ii)(I) and (D). He cites personal health concerns, the COVID-19 pandemic, his rehabilitation, the cost of his incarceration, and his likelihood of receiving a lesser term of imprisonment if sentenced under current law.

The Court finds that subsection (A)(ii)(I) is not satisfied in this case. The record before the Court contains no supporting documentation as to the severity of the defendant's medical conditions or their impact on his present functioning. The Court is therefore unable to find that the defendant's health substantially diminishes his ability to provide self-care within the prison environment, as required by guideline 1B1.13's policy statement. Further, the COVID-19 pandemic is a concern for all inmates and does not alone constitute an "extraordinary and compelling reason" for release. *See, e.g., United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) "([T]he COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population.") (citations omitted).

Turning to subsection (D) ("there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)"), the Court notes that there is presently a split of authority as to whether that "catch all" provision may be used by the courts or only by the BOP. *Compare United*

5

*States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at \*6 (M.D. Tenn. Mar. 4, 2020) (subsection (D) may be employed by the BOP or by the courts), *with Bolze*, 2020 WL 2521273, at \*7 (BOP only). This Court need not wade into that dispute today because, in any event, the reasons offered by the defendant do not constitute "extraordinary and compelling reasons."

"[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[.]" U.S.S.G. § 1B1.13 cmt. n.3. Further, it is expensive to incarcerate anyone, not just the present defendant. "[C]ircumstances [which] are applicable to all inmates who are currently imprisoned . . . are not unique to any one person. The Court cannot release every prisoner [subject to that circumstance] because the Court would then be obligated to release every prisoner." *United States v. Wright*, Criminal Action No. 16-214-04, 2020 WL 1976828, at \*5 (W.D. La. Apr. 24, 2020); *accord United States v. Tharpe*, No. 1:08-cr-10038-JDB-1, 2020 WL 4208245, at \*3 (W.D. Tenn. July 22, 2020).

Lastly, the defendant's argument regarding the sentence he might receive today is construed as a reference to Section 401(a)(1) and (a)(2) of the First Step Act. Those sections, respectively, redefine the types of prior convictions that can be used to enhance a defendant's sentence under 21 U.S.C. § 851 and they reduce the enhanced mandatory minimum sentences for certain controlled substance offenses.

However, pursuant to section 401(c) of the First Step Act, Section 401 applies only to persons who had not yet been sentenced as of December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in 2003, more than 15 years before the First Step Act became law. Section 401 of the First Step Act therefore does not apply to the

6

present defendant, and this Court will not use guideline subsection (D) to circumvent Congress's express intent. *See, e.g., United States v. Cisneros*, CR. NO. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("[T]his court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance. Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").

Having considered the issues raised by the defendant, individually and in combination, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release.

### III.    CONCLUSION

The Court genuinely sympathizes with several of the arguments presented by the defendant. However, in light of the pertinent legal authority and the present record, the defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 254] must be **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

7