UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:02-CR-014 |
| ) | |
| RAUF MUHAMMAD ) | |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's renewed *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as supplemented by counsel. [Docs. 268, 272]. The United States has responded in opposition to the motion. [Doc. 271]. Numerous letters have also been submitted on the defendant's behalf. [Docs. 259, 260, 261, 264, 265, 268]. For the reasons that follow, the motion will be granted.

## I. BACKGROUND

In August 2003, this Court sentenced the defendant to an enhanced statutory minimum sentence of Life Imprisonment for conspiring to distribute cocaine and cocaine base.[1] The defendant is presently serving that sentence at FCI Coleman Medium. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jun. 21, 2021).

The Court denied the defendant's original *pro se* motion for compassionate release in September 2020. [Doc. 262]. The following month, the Court denied a *pro se* motion for reconsideration "without prejudice to the defendant's right to file a properly documented renewed compassionate release motion in the future." [Doc. 266 (referencing the absence of medical records supporting the defendant's prior filings)].

---

[1] The defendant pled guilty. He did not go to trial on any count of the indictment.

As noted, the defendant brings his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, he cites the COVID-19 pandemic, diabetes, hypertension, obesity, age (55), his rehabilitative efforts, and the likelihood that he would receive a lesser term of imprisonment if sentenced today under current law. Additionally, since the denial of the defendant's prior motions there has been a change in the law impacting the manner in which compassionate release is evaluated within this judicial circuit. *See United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant

to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. When the instant defendant's prior motions were denied, district courts in this circuit regularly turned to U.S.S.G. § 1B1.13 to provide guidance on the categories of circumstances which could amount to "extraordinary and compelling reasons" for compassionate release. However, courts within this circuit are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See Jones*, 980 F.3d at 1108 ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

**A. Exhaustion**

In this case, the defendant has previously asked the BOP to file a compassionate relief motion on his behalf. [Doc. 254, ex. A]. Thirty days have passed since that request was received by the warden of his facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

---

[2] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

## B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, diabetes, hypertension, obesity, age (55), his rehabilitative efforts, and the likelihood that he would receive a lesser term of imprisonment if sentenced today under current law. Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the parties' arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

> > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .
>
> . . .
>
> (5) any pertinent policy statement—
>
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Medical records provided by the defendant show that he has been diagnosed with hypertension and type 2 diabetes. [Doc. 268, ex. B]. He is also obese. [*Id.*]. Each of these is a condition presently considered to possibly increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jun. 21, 2021). The present defendant's age and race can also increase that risk. *See id.*

In its response brief, the United States "agrees that Muhammad's medical conditions amount to an extraordinary and compelling reason [for compassionate release] in light of the pandemic." [Doc. 271, p. 15]. The Court recognizes that the United States made that concession on February 9, 2021 [*id.*, p. 17], and since that time our nation has made some progress in its fight against COVID-19. In particular, vaccines are more readily available, thereby *reducing* one's chance of contracting the disease.[3]

Nonetheless, at the defendant's prison complex there are still 23 inmates and three staff currently positive for COVID-19. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jun. 21, 2021). Our nation remains in an ongoing struggle with COVID diagnoses, hospitalizations, and deaths. Emerging variants and vaccine hesitancy are still grave concerns. In light of these facts, the Court concludes that the United States' February 9, 2021 concession remains true today. "Muhammad's medical conditions amount to an extraordinary and compelling reason in light of the pandemic."

The Court thus shifts its analysis to the 3553(a) factors. The defendant's conduct in this case was indeed serious. He admitted distributing many kilograms of cocaine in this district. [Presentence Investigation Report ("PSR"), ¶¶ 18, 21]. His offense level was increased by two for possessing three loaded firearms, one of which he allegedly fired at the pregnant mother of his child. [*Id.*, ¶ 32]. The defendant's criminal history includes numerous convictions for burglary, grand larceny, firearm possession, and drugs. [*Id.*, ¶¶ 44-54]. There are prior revocations of probation and parole. [*Id.*, ¶¶ 48-50].

---

[3] The present record is silent as to whether the instant defendant has been vaccinated.

When sentenced by this Court as a Career Offender in 2003, the defendant was plainly a danger to society. In the years since, he appears to have largely turned his life around. According to the BOP's SENTRY Report, the defendant earned his GED in 2005 after participating in hundreds of hours of preparatory coursework. He has taken many other classes. The Court takes particular note of his 360 hours of culinary arts training and 4,288 hours of cook apprenticeship. Despite serving a Life sentence, the defendant pursued and completed that apprenticeship, and he has earned other certifications. [Doc. 268, ex. D].

Conversely, there have been four disciplinary infractions in the defendant's almost 17 years of federal incarceration. He has been sanctioned for possession of unspecified drugs or alcohol, disruption of mail monitoring, insolence to staff, and failing to work as instructed. [*Id.*]. These infractions are for the most part relatively minor both in terms of severity and volume. The drug/alcohol sanction is remote (2009) and there is no indication of post-sentencing violence.

SENTRY shows that the defendant is currently employed as an orderly. Additionally, appended to his motion are numerous letters of support which the Court has read. Lastly, the Court recognizes the equitable consideration that, if sentenced today under current law, the defendant's mandatory minimum sentence would be 25 years or less, as opposed to Life. *See* 21 U.S.C. § 841(b)(1)(A) (2020).

As summarized herein, the Court has considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion. Having done so, the Court finds extraordinary and compelling reasons

justifying the requested compassionate release.

As harsh sentence was called for in this case, and Court is satisfied that a harsh sentence has been served. The parties agree that the defendant's actual time in custody, combined with accrued good time credit, approaches the bottom of the guideline range that would have been applicable but for the mandatory Life sentence.

During his federal incarceration, the defendant has plainly taken full advantage of the rehabilitative programming offered by the BOP. There have been no sanctions for violent conduct and, as noted, no sanctions relating to drugs or alcohol since 2009.

The defendant has submitted a proposed release plan, intending to live with his mother. At the Court's request, the probation office of this district has investigated the proposed release plan and has found it to be acceptable. The defendant is a now skilled restaurant worker who, in the present economy, should have little trouble finding immediate employment.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments of the parties, the Court finds extraordinary and compelling reasons justifying the requested compassionate release. The Court concludes that continued incarceration would not serve the goals of sentencing as set forth in the § 3553(a) factors. The facts of this case indicate that the defendant has been adequately deterred and now poses minimal risk to the community. <u>Importantly</u>, a term of ten years' supervised release remains in effect.

## III. CONCLUSION

As provided herein, the defendant's renewed motion for compassionate release, as supplemented, [docs. 268, 272] will be granted. While on supervised release, the defendant shall be subject to the following additional special condition of supervision:

1. The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge